**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1099**

MICHAEL MARTIN,

              Plaintiff - Appellant,

        v.

NORFOLK SOUTHERN RAILWAY COMPANY,

              Defendant - Appellee,

        and

CHIPANLOG, LLC; LOCKE ROWE, INC.; SMITH-ROWE, INC.; FLATIRON
CONSTRUCTORS, INC.; DOGGETT CONSTRUCTION COMPANY, INC.;
CENTRAL CAROLINA SEEDING, INC.; SMITH-ROWE, LLC; FLATIRON-
BLYTHE DEVELOPMENT, a Joint Venture,

              Defendants.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro. Thomas D. Schroeder, Chief District Judge. (1:16-cv-01191-TDS-JEP)

Submitted: October 25, 2019                    Decided: December 9, 2019

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc T. Wietzke, FLYNN & WIETZKE, PC, Garden City, New York; Daniel R. Francis, DAN FRANCIS LAW FIRM, P.L.L.C., Lexington, North Carolina, for Appellant.  Reid L. Phillips, Andrew L. Rodenbough, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Martin appeals the district court's order granting summary judgment to Norfolk Southern Railway Company ("NSRC") on his negligence action commenced under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (2012). On appeal, Martin disputes the court's refusal to consider a declaration from a witness whom he failed to disclose. Martin also challenges the court's conclusion that, based on the evidence adduced during discovery, a reasonable jury could not find that his work-related accident was reasonably foreseeable to NSRC. For the reasons that follow, we affirm.

"We review evidentiary rulings for abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 239 (4th Cir. 2016) (internal quotation marks omitted). "If a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure was substantially justified or harmless, a court should consider the factors articulated in *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

In the district court, Martin neglected to oppose NSRC's request to exclude the contested declaration; consequently, we need not consider his arguments, presented for the first time on appeal, that his failure to disclose was harmless or substantially justified. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). Even if we overlooked Martin's

failure to preserve this issue, however, we would discern no abuse of discretion in the district court's decision, premised on its careful application of the *Southern States* factors.

Next, we review the district court's grant of summary judgment de novo, "construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Generally, FELA claims are governed by common law. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543-44 (1994). Thus, a plaintiff alleging negligence under FELA must establish the familiar elements of duty, breach, cause, and harm. *See Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432, 436-37 (4th Cir. 1999). With respect to the employer's conduct, "common law principles of negligence" require the plaintiff to show "the breach of a duty to protect against foreseeable risks of harm." *Id.* at 437.

While working as a signal maintainer for NSRC, Martin sustained injuries when a tree fell on his work truck as he was en route to fix a broken railroad crossing gate. Relying on evidence of high wind speeds and a surge of crossing gate failures around the time of the accident, Martin claimed that NSRC acted negligently by dispatching him during a heavy wind storm.[*] However, citing the dearth of evidence establishing what NSRC knew,

---

[*] Within a couple hours of the accident, winds speeds were measured at roughly 30 m.p.h. At some unknown time during the day the accident occurred, wind speeds reached 39 m.p.h., with gusts of 49 m.p.h.

4

or should have known, about the weather conditions at the time of Martin's accident, the district court concluded that Martin failed to raise a triable issue of fact as to the foreseeability of his injuries.

On appeal, Martin again argues that the intensity of the wind made his accident reasonably foreseeable. However, Martin failed to present evidence as to the range of wind speeds that would cause a reasonable person to anticipate an unacceptably high risk of falling trees. And as the district court aptly reasoned, the elevated rate of gate failures is, by itself, unilluminating, as Martin lacked evidence showing that winds capable of damaging crossing gates also would be sufficient to topple trees onto the road. Because, based on this record, any finding of liability "would necessarily be based on speculation and conjecture," *Matherly v. Andrews*, 859 F.3d 264, 280 (4th Cir. 2017) (internal quotation marks omitted), we agree that NSRC was entitled to summary judgment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*